UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| G.E. CAPITAL INFORMATION TECHNOLOGY SOLUTIONS, INC. ) ) ) Plaintiff, ) ) v. ) ) MOUNT CALVARY PENTECOSTAL ) CHURCH OF YOUNGSTOWN, OHIO, ) et al., ) ) Defendants ) | CASE NO. : 4:13CV1186<br><br>JUDGE BENITA Y. PEARSON.<br>Magistrate Judge George J. Limbert<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

Before the undersigned is Plaintiff G.E. Capital Information Technology Solutions, Inc.'s ("Plaintiff") motion for default judgment against Defendant Craig A. Gilchrist ("Defendant"). ECF Dkt. #47. On March 4, 2014, Judge Pearson referred the instant motion to the undersigned for a Report and Recommendation. ECF Dkt. #49. For the following reasons, the undersigned recommends that the Court GRANT Plaintiff's motion for default judgment and enter judgment in favor of Plaintiff against Defendant in the amount of $199,628.00. ECF Dkt. #47.

**I.    FACTUAL AND PROCEDURAL HISTORY**

On September 26, 2013, Plaintiff filed its first amended complaint in this Court alleging that on March 19, 2007, Defendant, acting as the agent and representative of Defendant Mount Calvary Pentecostal Church of Youngstown, Ohio ("Defendant MC"), signed an agreement with Plaintiff to lease photocopiers and other related accessories from Plaintiff at a rate of $210.00 per month for sixty months, with additional charges for copies over a certain minimum, and a 5% late charge for any payment past due over ten days. *Id*. at 2-3. Plaintiff averred that the lease also contained provisions if default occurred, including payment of the accelerated balance of all future payments due under the lease minus 6%, payment of the present value of the lessor's anticipated value of the equipment at the end of the lease term, and all costs, expenses and attorney fees associated with any action to enforce the lease. *Id.* at 3.

Plaintiff further averred that on May 16, 2007, Defendant, acting as the agent and representative of Defendant MC, signed an agreement to lease photocopiers and related accessories from Plaintiff at a rate of $1,964.61 per month for sixty months, plus additional charges for copies over a certain minimum and a 5% late charge for any payment past due over ten days. *Id*. at 2-3. Plaintiff further averred that the lease contained provisions should Defendant MC default, including the payment of an accelerated balance of all future payments due under the lease minus 6%, the present value of the lessor's anticipated value of the equipment at the end of the lease term, and all costs, expenses and attorney fees associated with any action to enforce the lease.

Plaintiff further averred that on July 22, 2008, Defendant, acting as the agent and representative of Defendant MC, signed a restructured agreement with Plaintiff amending some of the lease terms, including a term that Defendant would pay Plaintiff installment payments of $1,213.39 on July 22, 2008 and August 22, 2008, then pay Plaintiff 20 consecutive payments of $1,392.51 beginning September 22, 2008, and thereafter pay Plaintiff 24 consecutive payments of $2,281.57 beginning May 22, 2010. ECF Dkt. #27 at 3-4. Plaintiff alleges that it delivered the equipment to Defendant MC and the equipment was used in its business. *Id*. at 4.

In Count One of its first amended complaint, Plaintiff alleged that Defendant MC breached its payment obligations under the lease by failing to pay all of the charges and failing to return the leased equipment. ECF Dkt. #27 at 4. Plaintiff alleged that it notified Defendant MC in writing of the default and accelerated payments due under the agreement and demanded full payment from Plaintiff and return of the equipment. *Id*. Plaintiff averred that Defendant MC refused to cure these defaults. *Id*. Plaintiff alleged damages in the amount of at least $81,000.00 plus interest, attorney fees and costs. *Id.* at 5.

In the second count of its first amended complaint, Plaintiff alleges that Defendant signed the original and restructured lease agreement with Plaintiff on behalf of himself using the assumed or fictitious name of Defendant MC and entered into the three lease agreement averred as against Defendant MC in the preceding paragraphs, with the same terms and conditions. ECF Dkt. #27 at 5-6. Plaintiff alleged damages in the amount of at least $81,000.00 against Defendant, plus interest, attorney fees and costs. *Id*. at 8.

In the third count of its first amended complaint, and as an alternative to the first count, Plaintiff alleged that Defendant knowingly or recklessly falsely represented and warranted to Plaintiff that he was the Chief Operating Officer and the Director of Defendant MC and he was authorized to enter into agreements on behalf of Defendant MC in order to induce Plaintiff to enter the agreements and deliver the equipment to Defendant MC. ECF Dkt. #27 at 9. Plaintiff further averred that Defendant's representations were material to Plaintiff entering into the agreements and delivering the leased equipment, and it had a right to rely upon the representations as it did not know that they were false. *Id.* Plaintiff alleged damages in the amount of at least $81,000.00 plus interest, attorney fees and costs. *Id.* Plaintiff alleged that Defendant acted with actual malice and demonstrated aggravated and egregious fraud which warranted punitive damages. *Id.*

In its fourth count of the first amended complaint, and also plead as an alternative to its first count, Plaintiff alleged that Defendant converted its leased equipment for his own pecuniary benefit and advantage by exercising dominion and control over the equipment to the exclusion and interference of Plaintiff's rights and not returning the leased equipment to Plaintiff. ECF Dkt. #27 at 10-11. Plaintiff alleged damages in the amount of at least $81,000.00 plus interest, attorney fees and costs. *Id.* at 11. Plaintiff also requested punitive damages. *Id.*

On October 12, 2013, a process server personally served Defendant with the first amended complaint and summons. ECF Dkt. #32-1. Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, Defendant was required to file and serve its answer or responsive pleading no later than November 4, 2013, twenty-one days plus two additional days under Rule 6(A)(1)(C) of the Federal Rules of Civil Procedure because the answer was due on a weekend. To date, Defendant has failed to appear, answer, or otherwise defend against the claims asserted by Plaintiff.

Accordingly, on January 3, 2014, Plaintiff filed an application to the Clerk of Courts for entry of default. ECF Dkt. #37. The Clerk of Courts entered default on January 6, 2014 and mailed a copy of the default entry to Defendant. ECF Dkt. #39. On January 16, 2014, the Clerk of Courts received the envelope containing the entry back marked "Return to Sender/Attempted-Not Known." ECF Dkt. #40.

On February 27, 2014, Plaintiff filed a motion with this Court for default judgment with an accompanying affidavit. ECF Dkt. # 47. On March 4, 2014, Judge Pearson referred this motion to the undersigned for a Report and Recommendation. ECF Dkt. #49.

## II.    STANDARD OF REVIEW

Applications for default judgment are governed by Rule 55(b)(2) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 55(b)(2). Following the clerk's entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and the party's application for default under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09–cv–0298, 2010 WL 3341566, at *1 (E.D.Cal. Aug.23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319, 1323 (7th Cir.1983) (further citations omitted)). The plaintiff bears the burden of establishing damages. *HICA Educational Loan Corp. v. Jones*, No. 4:12CV962, 2012 WL 3579690, at *1 (N.D. Ohio Aug. 16, 2012), unpublished, citing *Flynn v. People's Choice Home Loans, Inc.*, 440 Fed. Appx. 452, 457 (6th Cir. 2011), citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). In other words, while liability may be shown by well-pleaded allegations, "[t]he district court must ... conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07–14004, 2010 WL 2572713, at *5 (E.D.Mich. Jun.23, 2010). To ascertain an uncertain sum of damages, Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 Fed. Appx. 351, 354–55 (6th Cir.2009). An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA*, 2012 WL 3579690, at *1.

## III.    ANALYSIS

The undersigned has reviewed the file in this case, including the first amended complaint, Plaintiff's motion and brief in support of the motion for default judgment, and an affidavit from Judy Sjoquist, a Recovery Analyst for Plaintiff who attested that she has knowledge of and has reviewed the records relating to this case. ECF Dkt. #s 27-27-4, 32, 37, 39, 40, 47. Accepting the factual allegations in Plaintiff's complaint as true, the undersigned recommends that the Court GRANT

Plaintiff's motion for default judgment and find that Defendant has breached the lease agreements with Plaintiff and has committed fraudulent misrepresentation and conversion as alleged in Counts 2, 3, and 4 of Plaintiff's first amended complaint. ECF Dkt. #47.

### A. PLAINTIFF'S CAUSES OF ACTION

#### 1. BREACH OF CONTRACT

Plaintiff moves for default judgment against Defendant as to its claim in Count 2 of its first amended complaint that Defendant breached the lease agreements by entering into them and then defaulting by failing to make the required payments and the default obligation payments, and by failing to return Plaintiff's equipment upon such default. ECF Dkt. #47 at 2.

In a diversity action, a district court must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Mfg.* Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *National Union Fire Ins. Co. v. Watts,* 963 F.2d 148, 150 (6th Cir.1992). Ohio has adopted Section 187 of the Restatement of Conflicts which provides that, subject to limited exceptions, "the law of the state chosen by the parties to a contract will govern their contractual rights and duties." *See Ohayon v. Safeco Ins.*, 91 Ohio St. 3d, 474, 74 N.E.2d 206, 209 (2001).

Paragraph 12 of the original lease agreement, which was referred to in each of the subsequently amended agreements, is captioned "Business Agreement and Choice of Law" and states that "YOU AGREE THAT THIS AGREEMENT WILL BE GOVERNED UNDER THE LAW OF THE STATE OF GEORGIA." ECF Dkt. #27-1 at 2. The original agreement also cited to the Uniform Commercial Code, defined a default, and provided that if Defendant failed to make payment within thirty days of its due date, Defendant is in default and Plaintiff may "exercise any and all legal remedies available to us by applicable laws, including Article 2A of the Uniform Commercial Code. YOU WAIVE ANY AND ALL RIGHTS AS A CUSTOMER OR LESSEE THAT YOU HAVE UNDER ARTICLE 2A AGAINST US (BUT NOT AGAINST THE MANUFACTURER)." *Id.* at 2.

Accordingly, the undersigned recommends that the Court apply Georgia law and particularly the Uniform Commercial Code in determining the breach of contract action against Defendant. Georgia codified Section 2A of the Uniform Commercial Code and Title 11, Sections 2A-202

through 207 of that Code address the formation of a lease contract. *See* Ga. Code Ann. §§ 11-2A-202-207. Title 11, Section 2A-501(1) of the Georgia Code addresses whether a default has occurred under a lease agreement and states that default is to be determined by the lease agreement and the UCC. Ga. Code Ann. § 11-2A-501(1). Section 2A-501(2) of Title 11 provides that if a lessee is determined to be in default, the lessor has the rights and remedies provided by Article 2A and with some exceptions, the rights and remedies provided in the lease agreement. Ga. Code Ann. § 11-2A-501(2). Section 11-A1-523(1)(f) of Title 11 of the Georgia Code outlines a lessor's rights and remedies when a lessee defaults payments. Ga. Code Ann. § 11-2A-523(1)(f). Said remedies include exercising the rights and remedies provided in the lease agreement. *Id*. In particular, that Section provides that the lessor may cancel the lease contract, take possession of goods previously delivered, retain the goods and recover damages, recover rent, and exercise any other rights or pursue any other remedies provided in the lease contract. *Id*.

Applying Georgia law to the instant case, the undersigned recommends that the Court find that Plaintiff's allegations that Defendant failed to make the required payments as outlined under the restructured agreement establishes that Defendant was in default and therefore subject to the remedies of Article 2A of Title 11 of Georgia's Uniform Commercial Code because "[o]nce a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint[.]" *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 846 (E.D. Mich. 2006), citing *Visioneering Construction v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981). Since it appears that the definitional provisions of the Code are also met, and Plaintiff's allegations are accepted as true based upon Defendant's default, the undersigned recommends that the Court find that Defendant has defaulted on the lease agreement and Plaintiff's rights and remedies are governed by the Code sections and the lease agreement.

### 2. FRAUDULENT MISREPRESENTATION

As the Court is aware, fraudulent misrepresentation is a tort claim which requires a separate choice of law analysis from the choice of law analysis for a contract claim. *Macurdy v. Love*, 894 F.2d 818, 820 (6th Cir. 1990). The Ohio Supreme Court has adopted the Restatement (Second) of Conflict of Laws for torts, particularly fraud and misrepresentation, which provides that

-6-

> (1) when the plaintiff has suffered pecuniary harm on account of his reliance on the defendant's false representations and when the plaintiff's action in reliance took place in the state where the false representations were made and received, the local law of this state determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

Restatement (Second) Conflict of Law § 148(1). Section 6 of the Restatement (Second) of Conflict of Laws provides that:

> (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
>
> (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
>
>> (a) the needs of the interstate and international systems,
>>
>> (b) the relevant policies of the forum,
>>
>> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
>>
>> (d) the protection of justified expectations,
>>
>> (e) the basic policies underlying the particular field of law,
>>
>> (f) certainty, predictability and uniformity of result, and
>>
>> (g) ease in the determination and application of the law to be applied.

Restatement (Second) Conflict of Law §6.

The undersigned recommends that the Court find that Ohio law applies to Plaintiff's fraudulent misrepresentation claims. While Plaintiff's principal place of business is in Georgia, it is registered to transact business in Ohio and transacted such business with Defendant in Ohio. ECF Dkt. #27 at 1-3. Further, Defendant is a citizen of the state of Ohio, Defendant's alleged false representations were made when he signed the form in Ohio, and the reliance and pecuniary harm to Plaintiff occurred in Ohio as Defendant's default and failure to return Plaintiff's equipment occurred in Ohio. The parties do not dispute the application of Ohio law.

The elements for fraudulent misrepresentation under Ohio law are essentially the same as those for fraudulent nondisclosure and fraudulent inducement. *Gentile v. Ristas*, 160 Ohio App.3d 765, 781, 828 N.E.2d 1021 (2005). "The elements of fraud under Ohio law are: (1) a representation

or, when there is a duty to disclose, a concealment of a fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance on the representation or concealment; and (6) an injury proximately caused by that reliance." *Stuckey v. Online Resources Corp.*, 819 F.Supp.2d 673 (S.D. Ohio 2011), citing *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 475, 700 N.E.2d 859 (1998).

Plaintiff asserts that Defendant made a false, material representation that he was the authorized agent of Defendant MC, and he signed the agreements as such, which misled Plaintiff and caused it to rely upon that authority in order to enter into the lease agreements and deliver the photocopiers and related equipment. ECF Dkt. #27 at 9. The undersigned recommends that the Court accept Plaintiff's allegations that Defendant made such fraudulent misrepresentations because "[o]nce a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint[.]" *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 846 (E.D. Mich. 2006), citing *Visioneering Construction v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981). Since Plaintiff's allegations are accepted as true based upon Defendant's default, the undersigned recommends that the Court find that Defendant made material fraudulent misrepresentations inducing Plaintiff into entering into the lease agreements, and Plaintiff justifiably relied upon those misrepresentations and suffered injury as a result of that reliance since it delivered the equipment and accessories and did not receive full lease payments or return of its equipment upon Defendant's default. The undersigned therefore recommends that the Court GRANT Plaintiff's motion for default judgment on its claim of fraudulent misrepresentation against Defendant. ECF Dkt. #47.

### **3.  CONVERSION**

Finally, Plaintiff moves for default judgment on its claim for conversion against Defendant. ECF Dkt. #47 at 3. Again, because conversion is a tort, the choice of law principles for torts applies. Section 147 of the Restatement (Second) of Conflict of Laws is the applicable controlling choice of law for tort claims of conversion. It explains that:

> In an action for an injury to land or [conversion], the local law of the state where the

> injury occurred determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence, the thing and the parties, in which event the local law of the other state will be applied.

Restatement (Second) of Conflict of Laws, § 147. For the same reasons as stated above for the fraudulent misrepresentation claim, the undersigned recommends that the Court find that Ohio law applies because the injury occurred in Ohio where Defendant signed the contracts and allegedly defaulted, and Plaintiff was harmed because it did not receive payment or have its equipment returned.

Under Ohio law, conversion "is the wrongful exercise of dominion over property in exclusion of the right of the owner, or withholding it from his possession under a claim inconsistent with his rights." *Zacchini v. Scripps–Howard Broadcasting Co.*, 47 Ohio St.2d 224, 226, 351 N.E.2d 454 (1976), *rev'd on other grounds*, 433 U.S. 562, 97 S.Ct. 2849, 53 L.Ed.2d 965 (1977). In order to establish a claim of conversion, a plaintiff "must establish three elements: (1) plaintiff's ownership or right to possession of the property at the time of conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages." *City of Findlay v. Hotels.com*, L.P., 441 F.Supp.2d 855, 865 (N.D.Ohio 2006), quoting *Young v. City of Sandusky*, No. 3:03CV7490, 2005 WL 1491219 at *5, 2005 U.S. Dist. LEXIS 12258, at * 28 (N.D.Ohio June 23, 2005) (internal citation omitted); *see also Balt. & Ohio R.R. v. O'Donnell*, 49 Ohio St. 489, 32 N.E. 476, 478 (1892).

Here, Plaintiff averred in its first amended complaint that Defendant converted its photocopiers and related equipment by misrepresenting his authority in order to wrongfully obtain Plaintiff's equipment and continued to retain those items even after he defaulted on the lease payments and he refused to return Plaintiff's equipment even after his default and written notification by Plaintiff. ECF Dkt. #27 at 7-8.

The undersigned recommends that the Court find that these allegations establish that Defendant committed conversion because, once again, "[o]nce a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint[.]" *Cross*, 441 F.Supp.2d at 846, citing *Visioneering Construction*, 661 F.2d at 124.

Since it appears that the elements of such a claim are met, and Plaintiff's allegations are accepted as true based upon Defendant's default, the undersigned recommends that the Court find that Defendant committed the tort of conversion.

### B.  DAMAGES

Plaintiff seeks an award of damages in the amount of $199.628.00 for Counts Two, Three and Four[1] of its first amended complaint. ECF Dkt. #47 at 3. The undersigned recommends that the Court AWARD Plaintiff this request.

The undersigned has reviewed the file in this case, including the first amended complaint, the lease agreements, and an affidavit from Judy Sjoquist, a Recovery Analyst for Plaintiff who attests that she has knowledge of the books and records of Plaintiff and has personal knowledge of the complaint allegations and the matters set forth in her affidavit. ECF Dkt. #47-1. She provides an outline of the charges under each of the leases, as well as the payments received, and subtracts the payments received and adds in the amount of payments accelerated due to the default, as well as the residual equipment value under each lease. *Id.* at 2. Ms. Sjoquist also adds the late fees as provided under the lease upon default, as well as the applicable interest rates during the relevant time periods. *Id.* In light of Ms. Sjoquist's affidavit, the undersigned recommends that the Court find that a hearing on damages is unnecessary and accept this affidavit as to the amount of damages sustained by Plaintiff as a result of Defendant's default, fraudulent misrepresentation and conversion.  ### C.  PUNITIVE DAMAGES

The undersigned notes that Plaintiff has originally requested punitive damages against Defendant in Counts 3 and 4 of its first amended complaint. ECF Dkt. #27. However, Plaintiff indicates in its motion for default judgment that it withdraws its requests for punitive damages.[2] ECF Dkt. #47 at 3. Accordingly, the Court need not address punitive damages in this case.

---

[1] The undersigned notes that there is are only four Counts in Plaintiff's first amended complaint and Defendant is sued in the last three Counts. ECF Dkt. #27.

[2] Plaintiff indicated in its motion for default judgment that it was dismissing and withdrawing its requests for punitive damages in Counts Four and Six of its complaint. ECF Dkt. #47 at 3. However, the punitive damages requests are located in Counts Three and Four of the first amended complaint. ECF Dkt. #27 at 9, 11.

-10-

**D.     ATTORNEY FEES**

While Plaintiff requests attorney fees and other costs in its first amended complaint, Plaintiff fails to mention such fees and costs in its motion for default judgment and does not provide any statement of attorney fees or costs with its motion. ECF Dkt. #47. Accordingly, the undersigned recommends that to the extent that Plaintiff requests attorney fees and other costs, the Court DENY this request.

**IV.     CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the Court find that Plaintiff has established that it is entitled to default judgment on Counts Two, Three and Four of its first amended complaint against Defendant. ECF Dkt. #47. Accordingly, the undersigned RECOMMENDS that the Court grant Plaintiff's motion for default judgment against Defendant on Counts Two, Three and Four and ORDER Defendant to pay Plaintiff $199,628.00. *Id.*


DATE: March 13, 2014                    */s/    George J. Limbert*
                                                                              GEORGE J. LIMBERT
                                                                              U.S. MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time may constitute a WAIVER of the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).